UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 8:13-CR-252-T-26 TBM |
| | : | |
| JOHN ANDREW WELDEN | : | |

**AGREED MOTION OF THE UNITED STATES FOR
PROTECTIVE ORDER CONCERNING MEDICAL RECORDS**

COMES NOW the United States of America, by and through its representative, the undersigned Assistant United States Attorney, and respectfully moves the Court for a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, with respect to medical records relating to medical treatment received by the victim in this case (R.L.).

Specifically, the United States, with the agreement of the Defendant, requests that the Court issue a protective order limiting the disclosure of medical records and other related discovery materials (*e.g.*, expert witness reports) to only the Defendant's defense counsel and members of the defense team, including any expert witness(es) retained by the Defendant. As set forth more fully below, the protective order is sought in order to protect and preserve the privacy rights of the victim in this case and to conform with the terms of the medical records release authorization executed by the victim that permits disclosure.

## I.  FACTUAL BACKGROUND

As alleged in the indictment in this case, on March 29, 2013, the Defendant knowingly provided Cytotec (misoprostol) to the victim in this case (R.L.), intending to cause and causing the death of her unborn child.  In connection with the loss of the unborn child, the victim received medical treatment at the Tampa General Hospital (TGH).

On April 3, 2013, the victim (R.L.) executed a standard authorization allowing for the release of health information to the Hillsborough County Sheriff's Office (the "Requesting Party") relating to her medical treatment at the TGH during late March and early April of 2013.  However, that authorization was limited in scope as to the further disclosure of the victim's private, medical records.  That authorization specifically provided, among other things, the following:

> This Authorization specifically permits all Medical Provider(s) to provide testimony and/or opinions regarding such records and/or medical treatment.  This Authorization also allows the Requesting Party to disclose Patient's records to the court, the parties and anyone retained, subpoenaed or otherwise associated with the parties pursuant to the pending legal matter.  This authorization allows disclosure pursuant to all aspects of the pending legal matter, but does not allow disclosure pursuant to Chapter 119 of Florida Statutes. This authorization shall only remain in effect while the legal matter is pending disposition by trial, appeal and post-conviction litigation.

The authorization does have a notice on the form indicating that the victim is "aware that any information that is disclosed to a third party pursuant to this Authorization may be subject to re-disclosure and no longer protected by applicable law."

In this case, the United States intends to provide the victim's medical records, including TGH medical records, to the defense pursuant to its obligations pursuant to Fed.R.Crim.P. Rule 16. Those discovery obligations would also require the production of reports and other materials that describe, include or reference those medical records, such as any reports prepared by medical experts.

However, the United States submits that disclosure of the victim's private and personal medical records and information beyond that necessary for the appropriate litigation of the pending case would not be authorized or appropriate. Therefore, good cause exists for the United States' request that the Court issue a protective order limiting the further dissemination by the Defendant to any persons that are not part of his defense team or persons retained by defense counsel.

As noted above, Defendant's Counsel has been contacted with respect to this request for a protective order and has no objection to the request.

## II.  LEGAL DISCUSSION

A.   Protective Orders Under Fed.R.Crim.P. 16(d)(1)

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." As the party seeking a protective order, the Government bears the burden of showing good cause. See United States v. Fallen, 498 F.2d 172, 175 (8th Cir. 1974); United States v. Isa, 413 F.2d 244, 248 (7th Cir. 1969). As noted in United States v. Carriles, 654 F. Supp.2d 557, 566 (W.D. Tx 2009):

> The showing need not be limited to the Government's own interests: "[a] protective order may be issued upon a showing ... by a party advocating the privacy interests of nonparties." 23 AM.JR.2D. *Depositions and Discovery § 252* (2009) (*citing United States v. Liebert*, 519 F.2d 542 (3d Cir. 1975)).

Also, the entry of a protective order is within the trial court's discretion. United States v. Delia, 944 F.2d 1010, 1018 (2nd Cir. 1991)(because language in Rule 16 is "not mandatory, but permissive," protective orders are reviewed for abuse of discretion).

B.  Background of HIPAA

Congress enacted the Health Insurance Portability and Accountability Act of 1996 (HIPAA), at Pub.L. 104-191, 110 Stat.1936. HIPAA is the primary federal law which was passed to ensure an individual's right to privacy over medical records. It governs the confidentiality of medical records and regulates how and under what circumstances "covered entities" may use or disclose "protected health information" about an individual. The term "covered entities" is defined to include health care plans, health care clearinghouses and health care providers. 45 CFR §§ 160.102, 164.104. "Protected health information" includes all individually identifiable health information maintained or transmitted in any form, as well as any oral statement made about medical treatment or conditions. 45 CFR § 160.103.

Generally, HIPAA prohibits the use and disclosure of an individual's protected health information unless the individual has authorized its use and disclosure. HIPAA provides, however, that a covered entity may use or disclose protected

health information without the written authorization of the individual or the opportunity for the individual to agree or object in certain limited circumstances. 45 CFR § 164.512. One of those exceptions is where a law enforcement official seeks protected health information for a law enforcement purpose. 45 CFR § 164.512(f). The Privacy Regulations permit disclosure of protected health information for a "law enforcement purpose" to a "law enforcement official" provided certain conditions are met. *Id*. § 164.512(f). Disclosures may be made pursuant to an "administrative request" if:

(1) The information sought is relevant and material to a legitimate law enforcement inquiry;

(2) The request is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and

(3) De-identified information could not reasonably be used.

*Id*. § 164.512(f)(1)(ii)(C). The administrative request may be made via "administrative subpoena or similar process or by a separate written statement that, on its face, demonstrates that the applicable requirements have been met." *Id*. § 164.514(h)(2)(i)(A).

C. Good Cause Exists for Limiting Disclosure of Medical Records

The United States submits that good cause exists for limiting the disclosure of the victim's medical records at TGH and any related reports or materials provided in discovery, such as any expert witness report(s) or associated materials. The protective order seeks to limit disclosure of the victim's medical records to only

persons on the Defendant's legal team or those persons retained by defense counsel to assist in the defense of the case.  Thus, the requested protective order would prohibit the Defendant from further disclosing the medical records provided by the United States in discovery to any person who is not a member of the Defendant's defense team or those persons retained by the defense team in connection with the instant criminal prosecution.  A protective order is appropriate and necessary in order to protect the legally protected privacy rights of the victim under HIPAA, her privacy rights as a victim, and her privacy rights in general.

A protective order is also appropriate in order to comport with the limited disclosure authorization executed by the victim on April 3, 2013 (which also does not allow disclosure pursuant to the public records provisions of Chapter 119 of the Florida Statutes).  Notwithstanding the notice concerning potential third-party disclosures contained in the disclosure authorization, protection of the victim's rights and the limited disclosure described in the Authorization provide good cause for the court to grant the request for a protective order.

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court grant the relief sought herein and for such other and further relief as is just and proper.

          Respectfully submitted,

          ROBERT E. O'NEILL
          United States Attorney

By:    s/*W. Stephen Muldrow*
        W. STEPHEN MULDROW
        Assistant United States Attorney
        USA No. 078
        United States Attorney's Office
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone:  (813) 274-6000
        Facsimile:   (813) 274-6178
        E-mail: w.stephen.muldrow@usdoj.gov

<u>U.S. v. WELDEN</u>  Case No. 8:13-CR-252-T-26 TBM

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Todd Alan Foster, Esquire
>tfoster@tfosterlaw.com

>Thomas A. Burns, Esquire
>tburns@burnslawpa.com

>*s/ W. Stephen Muldrow*
>W. STEPHEN MULDROW
>Assistant United States Attorney
>USA No. 078
>400 North Tampa Street, Suite 3200
>Tampa, Florida  33602
>Telephone:   (813) 274-6000
>Facsimile:    (813) 274-6178
>E-mail: w.stephen.muldrow@usdoj.gov