UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:13-cr-252-T-26TBM

JOHN ANDREW WELDEN,

      Defendant.
_____/

## O R D E R

The Court, after carefully reviewing the Defendant's presentence report (the PSR), as well as the procedural history of this case, determines it is appropriate to issue the following order in advance of the Defendant's scheduled sentencing hearing.

Although the parties' joint stipulation and recommendation contained in the Defendant's plea agreement recommends utilizing U.S.S.G. § 2A2.1, governing attempted murder, instead of U.S.S.G. § 2N1.1, governing tampering or attempting to tamper involving risk of death or bodily injury, in calculating the Defendant's advisory guideline range and also recommends that the Defendant should be assessed a three-level upward adjustment for serious bodily injury, the Court nevertheless now concludes that there exist genuine issues of relevant facts as to whether the ingestion by the victim of Misoprostol (brand name Cytotec), which forms the basis of the Defendant's crime of product tampering, caused her to suffer serious bodily injury and caused the death of her unborn embryo. Although U.S.S.G. § 6B1.4(a) authorized the parties in Defendant's plea

agreement to enter into "a written stipulation of facts relevant to sentencing[,]" another provision of that same guideline provides that "[t]he court is not bound by the stipulation but may with the aid of the presentence report, determine the facts relevant to sentencing." U.S.S.G. § 6B1.4(d); see also United States v. Forbes, 888 F.2d 752, 754 (11th Cir. 1989) (citing U.S.S.G. 6B1.4(d) for the proposition that "[t]he district court is obligated to calculate the Guidelines range correctly (citation omitted), and is not bound by the parties stipulation of facts[.]"; accord, United States v. Bunkley, 398 F. App'x. 523, 530 (11th Cir. 2010) (citing and quoting Ford, 888 F.2d at 754) (unpublished); United States v. Douglas, 193 F. App'x. 925, 926-27 (11th Cir. 2006) (same) (unpublished).

The Court's conclusion with regard to the critical sentencing issue of causation is buttressed by the affidavit of Dr. Rebecca Allen, quoted in paragraph 28 of the PSR, in which she opines "that it is impossible that one 200 microgram tablet of Misoprostol caused serious bodily harm to R.L." and "that it is impossible for any medical professional to definitively conclude that one 200 microgram tablet of Misoprostol actually caused the death of the unborn embryo in question."[1] The Court's conclusion is also fortified by the affidavit and equally impressive resume of Dr. Beverly Winikoff, which is contained in the PSR and was furnished by the Defendant's counsel in support of an objection, since withdrawn, that it was "improper to conclude that any alleged harm to

---

[1] Dr. Allen's complete affidavit and impressive resume are part of the record in this case, having been introduced by the Defendant as Exhibit 17 at his bail hearing held on June 20, 2013. See docket 58.

R.L. or death of the unborn embryo was 'the result of' taking Cytotec as stated in the Presentence Investigation Report[.]" The Court's conclusion is further solidified by the fact that the Government has to the Court's knowledge never presented any form of scientific or medical evidence in the record before the Court, other than the stipulation of the parties in the plea agreement, to refute the expert opinions of Drs. Allen and Winikoff. As a consequence, the Court has grave concerns with regard to whether there exists a true factual basis to support the parties' joint stipulation and recommendation.

This concern is heightened by the fact that should the Court reject the parties' joint stipulation and recommendation and calculate the advisory guideline range utilizing U.S.S.G. 2N1.1 without a three-level upward adjustment for serious bodily injury but with a three-level downward adjustment for acceptance of responsibility, then it appears that the Defendant's total offense level would become 22, and, coupled with a criminal history category I, would yield an advisory guideline range of 41 to 51 months, a substantial decrease from the recommended advisory guideline range of 135 to 168 months. Furthermore, even if the Court were to apply U.S.S.G. § 2A2.1, but without a three-level upward adjustment for serious bodily injury and with a three-level downward adjustment for acceptance of responsibility, then the Defendant's total offense level would become 30, and, coupled with a criminal history category I, would yield an advisory guideline range of 97-121 months, which still would represent a significant decrease from the recommended advisory guideline range of 135 to 168 months. In either

event, these substantially lowered advisory guideline ranges would present a significant legal obstacle to the Court following the ultimate sentencing recommendation of the parties - a term of imprisonment of 164 months.

Accordingly, in view of the foregoing analysis, the parties are put on notice that the Court, notwithstanding the parties' joint stipulation and recommendation contained in the Defendant's plea agreement, will require the Government at the Defendant's scheduled sentencing to prove by a preponderance of the evidence that the victim's ingestion of Cytotec in fact caused her serious bodily injury and in fact caused the death of her unborn embryo. Although the Court recognizes and appreciates that counsel for the parties engaged in good faith plea negotiations to resolve without the necessity of a trial a very difficult and tragic case, nevertheless, as explained earlier in this order, this Court has an independent obligation under the sentencing guidelines and Eleventh Circuit precedent to make relevant factual determinations which impact a defendant's ultimate sentence. "Otherwise, the Government and defendants, in the plea bargaining process, could by stipulation resolve crucial, disputed factual issues and thereby undercut the court's fact-finding function in guidelines application." Ford, 888 F.2d at 754.

**DONE AND ORDERED** at Tampa, Florida, on December 6, 2013.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record